**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JACQUES MILSAINT JOHN,
Petitioner,
v.
CHRISTOPHER J. LAROSE,
Respondent.

Case No. 26-cv-04983-BAS-JAC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Jacques Milsaint John filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly re-detained after he was released on his own recognizance into the United States. (ECF No. 1.) The Government filed a Return arguing that Petitioner already has a final order of removal so is mandatorily detained under 8 U.S.C. §1231. (ECF No. 4.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner was ordered removed to Haiti in 2016. (ECF No. 1.) On March 18, 2022, he was found back in the United States, and he claimed a fear of persecution if returned to Haiti. (ECF No. 1.) A few days later, he was released with Alternatives to Detention conditions. (*Id.*) Because he received Temporary Protected Status ("TPS"), his claim of reasonable fear was never litigated. (*Id.*) Petitioner has complied with all of the conditions of his release and has not been arrested. (*Id.*)

On August 7, 2026, TPS for Haitians was terminated. (ECF No. 4.) And on August 26, 2026, Petitioner was re-detained without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community. (ECF No. 1.) Petitioner seeks immediate release on the same conditions as he was previously released. (*Id.*)

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard, and without noticeably changed circumstances, violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or

> has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

The Government argues that Petitioner is now subject to a final order of removal, but this is not a changed circumstance and is no different than when he was released from custody in 2022. The only thing that has changed is that TPS for Haitians has been terminated. Petitioner still has a pending claim of reasonable fear if he is removed to Haiti, which has yet to be litigated.

Because ICE released Petitioner upon finding he was not a flight risk or a danger to the community in March 2022, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

//

//

//

//

//

//

//

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Jacques Milsaint John be released on the same terms and conditions as he was previously released on March 22, 2022.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 22, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**